■ JOEL M. HOWARD, III, Respondent, v STATE OF NEW YORK, Appellant.—Levine, J. Appeal from a judgment in favor of claimant, entered August 23, 1989, upon a decision of the Court of Claims (Lyons, J.).

In May 1986 claimant, an attorney and a licensed real estate broker, learned that the State was offering for sale at public auction an 11-acre parcel of land located on Van Duzee Street in the City of Watertown, Jefferson County. Claimant brought this property to the attention of his law partner, Leslie Couch, and Couch informed claimant that he intended to bid on the property at the auction on May 15, 1986. Sometime before the auction, Couch determined that he wanted to purchase the property through a corporate entity. He decided to use an existing corporation, known as 48 Howard Street, Inc., which had been formed by Couch and claimant to renovate a building to be used as law offices. Several days prior to the auction, claimant transferred his shares to Couch and resigned as an officer and director of 48 Howard Street, Inc.

On May 15, 1986, claimant attended the auction to bid on behalf of 48 Howard Street, Inc. At the conclusion of the bidding, the State agreed to sell the property to 48 Howard Street, Inc. for $420,000 and a $30,000 deposit was paid at that time. Consistent with his intention to resell the property at a profit, Couch attempted to find a purchaser for the property prior to the date set for closing with the State. Unable to find such a purchaser, Couch engaged in discussions with claimant and Francis Mulderry about purchasing the property. In December 1986, Couch, claimant, Mulderry and James Uhlinger formed a corporation known as Van Duzee Street Warehouse Corporation for the purpose of purchasing the property from 48 Howard Street, Inc., immediately following the latter's purchase from the State.

In order to obtain the broker's commission authorized under Public Lands Law § 33 (1), the Office of General Services (hereinafter OGS) required claimant to submit a broker's affidavit averring, *inter alia,* that he is a licensed real estate

broker who brought about the sale of the property. OGS sent claimant a broker's affidavit to be executed which required claimant to aver that he was not the purchaser or a stockholder, director, officer, partner or spouse of the purchaser. Claimant returned a modified affidavit dated December 30, 1986 which disclosed his interest in 48 Howard Street, Inc., prior to May 12, 1986, his partnership with Couch in various matters, and also averred that "[i]t is contemplated that following the sale of the subject property by the State * * * to 48 Howard Street, Inc. that 48 Howard Street, Inc. will sell the same property to a new corporation in which I will be a stockholder".

A closing was held on January 14, 1987 in which the property was transferred from the State to 48 Howard Street, Inc., and then immediately deeded over to Van Duzee Street Warehouse Corporation. All financing for the purchase of the property was provided by the Van Duzee Street Warehouse Corporation. On January 16, 1987, claimant was informed by an attorney for OGS that he would not be paid the statutory broker's commission based upon the affidavit he submitted. Claimant then commenced this action to recover the $16,800 broker's commission, plus interest he claims is owed to him by the State. A trial was held in the Court of Claims in which evidence of the foregoing facts was adduced. The Court of Claims ruled in claimant's favor, finding that up to the time of the public auction claimant acted solely as a broker, and that nothing occurring after the auction deprived him of the right to a broker's commission. The State appeals.

The State's basic point for reversal is that because the notice of sale provided that no broker's commission would be paid unless and until a closing took place, contrary to the finding of the Court of Claims, no commission was earned by claimant prior to the closing (see, e.g., Levy v Lacey, 22 NY2d 271, 274-275). It follows then, according to the State, that in view of claimant's interest in the true purchaser at the time of closing claimant was acting as an investor participant and not a broker when the commission became due (citing Real Property Law § 440 [1] [defining "real estate broker" as one who acts "for another"]).

Accepting the validity of the State's position, arguendo, this does not necessarily defeat claimant's entitlement to a brokerage commission. There is no specific statutory authority for demanding a broker's affidavit or barring a commission under these circumstances (see, Public Lands Law § 33 [1]). Accordingly, the State is relying on common-law agency principles

which prohibit a broker from advancing his own interests in a transaction without his principal's knowledge *(see,* 11 NY Jur 2d, Brokers, § 35, at 380-381; Restatement [Second] of Agency § 389). A broker's obligation upon deciding to purchase property he has been marketing for the owner is to obtain the owner's consent after making a "frank and full disclosure" of his role in the transaction (11 NY Jur 2d, Brokers, § 35, at 380-381; *see, TPL Assocs. v Helmsley-Spear, Inc.,* 146 AD2d 468, 470-471; *see also,* 19 NYCRR 175.4; Restatement [Second] of Agency §§ 389, 390). Here, claimant's affidavit dated December 30, 1986 constituted full compliance with the disclosure requirement. The State, however, did not communicate its objection until January 16, 1987, two days *after* the closing. In our view, the State had an ample opportunity to inform claimant of its disapproval prior to the closing and its failure to do so prevents it from denying claimant his commission *(cf.,* Restatement [Second] of Agency § 389, illustration 1). This is particularly true in light of the fact that OGS received a determination from the Comptroller's office denying claimant a commission by letter dated January 8, 1987. Instead of acting promptly, OGS waited another week, until after the closing, to forward this letter and notice of its denial of a commission to claimant.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.